UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO.: 1:11-CR-26-HAB |
| ) | |
| CHARLEY J. GONZALEZ III ) | |

**OPINION AND ORDER**

Defendant Charley J. Gonzalez III ("the Defendant") is serving a 300 month sentence he received for committing drug and gun crimes. Before the Court is his second motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) (ECF No. 499). In his filing, he argues that he is: (1) serving an unusually long sentence; (2) enduring a harsher sentence than anticipated by the Court at the time of his sentencing due to his incarceration during COVID-19; and (3) being "collaterally punished" due to the emotional distress he has to endure due to the loss of two of his children while he has been incarcerated. The Government responded in opposition to which the Defendant replied. (ECF Nos. 501, 509). Because the Court finds that none of the asserted reasons alone, or in combination, are extraordinary and compelling, the Defendant's Motion will be DENIED.

**PROCEDURAL BACKGROUND**

On October 9, 2014, following the Defendant's guilty plea to conspiracy to possess with intent to distribute 5 kilograms or more of cocaine (Count 1s) and possession of a firearm in furtherance of a drug trafficking crime (Count 3s), the Defendant was sentenced to 240 months on the drug count and a consecutive 60 months on the gun count. Gonzalez was part of a larger conspiracy that between January and April 2011, distributed more than 5 kilograms of cocaine. Additionally, 501.6 grams of heroin, cocaine, U.S. currency and a loaded gun were seized from

the Defendant's residence during the execution of the search warrant. The Defendant's sentence of 300 months was a result of a binding plea agreement. Without the binding term, the Defendant was facing a guidelines range of imprisonment of 262-327 months and, if the government had filed an 851 enhancement, the Defendant would have faced mandatory life imprisonment.

The Defendant is currently housed at the Federal Correctional Institution, Milan, Michigan with an anticipated release date of July 30, 2032.

## DISCUSSION

The Defendant's Motion requests compassionate release. Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may not modify a term of imprisonment except that –

> (1) in any case --
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, . . . finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction …
>
> … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i).

While the statute does not define "extraordinary and compelling reasons," Congress tasked the United States Sentencing Commission with explaining these terms by promulgating general policy statements on the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A).

28 U.S.C. § 994(t). Under that authority, the Sentencing Commission issued a Policy Statement on § 3582(c)(1)(A), which provides six circumstances that may provide "extraordinary and compelling reasons" for a reduction in sentence. See U.S. Sentencing Guidelines Manual § 1B1.13. These six circumstances are:

- certain medical circumstances of the defendant, id. § 1B1.13(b)(1);
- the defendant's age, id. § 1B1.13(b)(2);
- the defendant's family circumstances, id. § 1B1.13(b)(3);
- the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, id. § 1B1.13(b)(4);
- any other circumstances or combination of circumstances similar in gravity to the circumstances listed above, id. § 1B1.13(b)(5); and
- the defendant received an unusually long sentence, id. § 1B1.13(b)(6).

When evaluating whether compelling and extraordinary circumstances exist, a court must "consider[ ] the applicant's individualized arguments and evidence." *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022). Ultimately, the defendant bears the burden of demonstrating "extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

### A. Exhaustion

As a threshold matter, a court may only consider a motion for compassionate release when the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf," or if thirty days have elapsed since the BOP has received a compassionate release request from the defendant. 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is a mandatory claim-processing rule and must be enforced when properly invoked. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

The Government concedes that the Defendant has exhausted his administrative remedies at his facility and that his motion is properly before the Court. Thus, the Court turns to the

substance of the Defendant's request, his contention that he has demonstrated "extraordinary and compelling reasons" for his release.

### B. Extraordinary and Compelling Reasons

#### 1. Unusually Long Sentence (§1B1.13(b)(6))

The Defendant asserts that he should be released from custody because he is serving an unusually long sentence, a ground which only recently became available to Defendants when the Sentencing Commission amended its policy statement to add § 1B1.13(b)(6). That provision states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

At the time it was added, however, §1B1.13(b)(6) directly conflicted with the Seventh Circuit's earlier decision in *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021), which held that a non-retroactive amendment in the First Step Act could not serve as the basis for compassionate release because the discretionary authority conferred by § 3582(c)(1)(A) cannot be used to effect a sentencing reduction at odds with Congress' express determination that the amendment applies prospectively only. In *Black*, the Seventh Circuit found that it's holding in *Thacker* should prevail in this conflict, finding that *Thacker* "remains binding law, and the Commission's attempt to say otherwise [by promulgating § 1B1.13(b)(6)] exceeds its statutory authority." 131 F.4th at 543. Although *Black*'s holding was specific to § 924(c), the Seventh Circuit recently held in an unpublished decision that *Black* "reinforces the district court's intuition that nonretroactive changes in law may not be considered extraordinary and compelling reasons for relief." *United*

4

*States v. Griffin*, No. 24-1970, 2025 WL 1659278, at *1 (7th Cir. June 12, 2025); see also *United States v. Davis*, No. 24-2624, 2025 WL 1983883, at *1 (7th Cir. July 17, 2025) (rejecting compassionate release under § 1B1.13(b)(6) on the basis that judicial decisions cannot alone amount to an extraordinary and compelling reason for compassionate release); *United States v. Whited*, No. 24-2849, 2025 WL 1693519, at *1 (7th Cir. June 17, 2025) (same). Thus, as this history demonstrates, the Seventh Circuit has been steadfast in its position that non-retroactive changes, whether in statute or in case law, do not qualify as a basis for compassionate release.

Defendant claims to be serving an unusually long sentence compared to other defendants with similar conduct. Rightly or wrongly, he believes that if he was sentenced today, he would receive a minimum 15 years on his drug count.[1] The problem that Gonzalez has, however, is that his belief is grounded in the revised penalties in §401 of the First Step Act for certain drug offenses, which are not retroactive. *See United States v. Sparkman,* 973 F.3d 771, 774-75 (7th Cir. 2020)*; United States v. Jackson,* 940 F.3d 347, 353 (7th Cir. 2019). And Seventh Circuit precedent has invalidated §1B1.13(b)(6) to the extent it provides that non-retroactive changes in the law can provide a basis for compassionate release. For this reason then, Defendant cannot demonstrate that his "unusually long sentence" is an extraordinary and compelling reason for release.

2. *Imprisonment during the COVID-19 pandemic*

Next, Defendant argues that the BOP lockdowns and restrictions caused by the COVID-19 pandemic made prison more punitive than originally contemplated when he was sentenced.

---

[1] The Government explains in its response that Defendant's assertion that he would receive a lesser sentence if sentenced today is presumptive. First, Defendant signed a binding plea agreement that drove the sentence he received. Second, Defendant ignores the guidelines range and assumes that with the same drug quantity he would receive a sentence at the mandatory minimum despite his aggravated conduct. As the Government points out his guideline range, if Defendant were sentenced today would be 235 to 293 months based on a total offense level of 33 and a criminal history category of IV. His original guidelines range was 240 to 293 months – a difference of approximately 5 months.

This circumstance is not expressly covered by the policy statement. But even if it was, Courts have routinely denied general COVID-19 burdens imposed during the pandemic as an extraordinary and compelling reason for release. The Court acknowledges that the pandemic necessitated difficult and restrictive prison conditions, but such conditions affected all prisoners and could not be characterized as extraordinary. *United States v. Khelifi*, 2022 WL 3925623, at *1 (7th Cir. Aug. 31, 2022); see also, *United States v. Barrios-Lopez,* 2023 WL 2917020, at *3 (S.D. Ind. Apr. 12, 2023)("Every inmate at Mr. Barrios-Lopez's facility, and indeed, many inmates across the country, have dealt with similar issues due to the pandemic over the past two years. Mr. Barrios-Lopez has simply not shown that his situation is extraordinary as compared to other inmates."). And Defendant's experience of enduring the general burdens and restrictions, in the absence of any resulting serious physical or medical condition or other individualized evidence of grave hardship, does not constitute an extraordinary and compelling reason for a sentence modification. *United States v. Fuentes,* 2025 WL 2229687, at *4 (N.D. Ill. Aug. 5, 2025) (citing *United States v. Hanson*, 2024 WL 5134348, at *1 (7th Cir. Dec. 17, 2024) ("[M]itigation measures that the prison used to respond to COVID-19, which Hanson contends created harsh conditions of confinement, are not a basis here for early release under § 3582(c)(1)(A)."). Defendant has not identified how his individual circumstances during COVID-19 were different than that of other inmates and, for this reason, he has not met his burden of showing an extraordinary or compelling reason for release. See *Khelifi*, 2022 WL 3925623, at *1 ("But Khelifi gave the judge no reason to conclude as much. In the district court, he did not support his assumption with individualized evidence, as we have required".)

    3. *"Collateral Punishment" due to Family Circumstances*

Finally, Defendant asserts that he has been subject to "collateral punishment" based upon the emotional distress he has suffered while imprisoned. He mentions that his two sons have passed away and one of his sons was the father of three children. With respect to his grandchildren, Defendant "would like to be a part of their lives and assist in raising them." Likewise, Defendant states that his parents are elderly and have medical issues. Defendant would like to be released so that he could care for them because his siblings are employed and have their own families to care for.

The Sentencing Commission has determined that the family circumstances of the defendant can qualify as an extraordinary and compelling reason for release in certain circumstances. USSG §1B1.13(b)(3). The policy statement at § 1B1.13(b)(3) provides:

> (3) Family Circumstances of the Defendant.—
>
> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
>
> (B) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (C) The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
>
> (D) The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual....

U.S.S.G. § 1B1.13(b)(3).

Defendant's family circumstances do not clearly fall within any of the provisions in §1B1.13(b)(3). Although he would like to be released so he can spend time as a grandparent to his grandchildren, there is nothing in his filing indicating that he is the only available caregiver

for his grandchildren or that his release is otherwise necessary. The same is true for his aging parents. In fact, Defendant acknowledges that his siblings are caring for his parents, albeit under some hardship. But unfortunately, many prisoners have minor children, grandchildren, and aging parents and it goes without saying that most prisoners' families suffer hardships due to the prisoners' incarceration. Here, however, it appears that both his grandchildren and parents have caregivers, and Defendant provides nothing that convinces the Court that his family's circumstances are so extraordinary and compelling that his release from prison is justified.

## CONCLUSION

In sum, none of the Defendant's circumstances, either alone or in combination, are extraordinary and compelling to warrant his early release. The Defendant's second Motion for Compassionate Release (ECF No. 499) is DENIED.[2]

So ORDERED on October 22, 2025.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[2] Because the Court finds that the Defendant has not met his burden to set forth an extraordinary and compelling reason for release, it need not assess the §3553(a) factors.